GIBSON, DUNN & CRUTCHER LLP
SAMUEL LIVERSIDGE, SBN 180578
  sliversidge@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
  isamplin@gibsondunn.com
SARAH KUSHNER, SBN 320077
  smkushner@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520

JOSEPH R. ROSE, SBN 279092
  jrose@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:   415.393.8200
Facsimile:   415.393.8306

Attorneys for Defendant HP INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOBILE EMERGENCY HOUSING CORP., TRACK RAT ENTERPRISES, INC. d/b/a PERFORMANCE AUTOMOTIVE & TIRE CENTER, and DAVID JUSTIN LYNCH, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HP INC. d/b/a/ HP COMPUTING AND PRINTING INC., a Delaware Corporation,<br><br>Defendant. | CASE NO. 5:20-cv-09157-SVK<br><br>**DEFENDANT HP INC.'S REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>**Hearing:**<br>Date:       July 27, 2021<br>Time:      10:00 a.m.<br>Place:     Videoconference<br>Judge:    Hon. Susan van Keulen<br><br>Action Filed: December 17, 2020 |

Gibson, Dunn & Crutcher LLP

HP INC.'S REPLY ISO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE THE THIRD AMENDED COMPLAINT -- CASE NO. 5:20-CV-09157-SVK

## I. INTRODUCTION

The webpages described in HP Inc.'s ("HP") Request for Judicial Notice, ECF No. 45, are judicially noticeable and/or incorporated by reference in the Third Amended Complaint ("TAC").

In opposing HP's request for judicial notice, Plaintiffs contend that the webpages at issue are "not relied upon in the TAC," "irrelevant," and "disputed." Opp. at 1. But whether Plaintiffs relied on the webpages in their pleading has no bearing on whether this Court may *judicially notice* the fact that the pages disclosed the practices of which Plaintiffs now complain. *See* Fed. R. Evid. 201(b) (court may judicially notice facts that are capable of accurate and ready determination by resort to "sources whose accuracy cannot reasonably be questioned"). Moreover, Plaintiffs' position that the disclosures are not relevant strains credulity given that their consumer-protection claims are grounded in the theory that HP failed to make the necessary disclosures, and their hacking claims are grounded in the theory that HP acted without authorization or permission. Plaintiffs' claim that the webpages are "disputed" fares no better, as Plaintiffs do not even attempt to explain what is disputed about them.

In opposing HP's request regarding incorporation by reference, Plaintiffs claim that the TAC neither "relies on" the Troubleshooting Page or Online Message Board "nor alleges their contents." Opp. at 3. But the TAC clearly refers to the Troubleshooting Page in alleging that Mobile Emergency's agent found "a recommendation to replace [its] cartridge with an HP-branded cartridge" on "HP's website." TAC ¶ 43. And the TAC repeatedly references the Online Message Board. *See id.* ¶ 71 & nn.13–16. None of Plaintiffs' remaining arguments regarding incorporation by reference has merit.

HP's Request for Judicial Notice ("RJN"), ECF No. 45, should be granted.

## II. ARGUMENT

**A. The Court May Take Judicial Notice of the Webpages Whether or Not Plaintiffs Relied on Them**

The primary argument Plaintiffs advance in opposition to HP's RJN is that the webpages at issue are not judicially noticeable because no Plaintiff "purchased their printer on HP's website," or "viewed or relied on" the pages. Opp. at 2–3. But whether any Plaintiff actually viewed any of the webpages is beside the point: Federal Rule of Evidence 201(b) permits a court to judicially notice facts that are capable of accurate and ready determination by resort to "sources whose accuracy cannot

2
HP INC.'S REPLY ISO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE THE THIRD AMENDED COMPLAINT -- CASE NO. 5:20-CV-09157-SVK

Gibson, Dunn & Crutcher LLP

reasonably be questioned." Fed. R. Evid. 201(b); *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509 (2007) (in ruling on a motion to dismiss, a court may consider "documents incorporated into the complaint by reference, *and* matters of which a court may take judicial notice" (emphasis added)). In other words, whether a source is judicially noticeable depends on its reliability and relevance—not whether a Plaintiff claims to have seen or relied on it. *See Parziale v. HP, Inc. ("Parziale II")*, No. 5:19-CV-05363-EJD, 2020 WL 5798274, at *3 (N.D. Cal. Sept. 29, 2020) ("The Court finds the [webpage at issue] to be relevant and inherently reliable, and therefore takes judicial notice of [it].").

The webpages at issue clearly meet the Rule 201(b) standard. HP requests judicial notice of those pages for the purpose of establishing what was in the public realm at the relevant time—namely, that HP's disclosures regarding dynamic security and its policy of automatically collecting data regarding cartridge type were *available* to Plaintiffs and other consumers before they purchased their HP printers, and when the error messages at issue allegedly appeared. These are judicially noticeable facts. *See, e.g.*, *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of the fact that various newspapers, magazines, and books published certain information because "[c]ourts may take judicial notice of publications introduced to indicate what was in the public realm at the time") (citation omitted); *Heliotrope Gen. Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information contained in news articles submitted by the defendants"); *United States ex rel. Hong v. Newport Sensors, Inc.*, 728 F. App'x 660, 661 (9th Cir. 2018) (affirming district court's decision to take judicial notice of the fact that seven documents located on UC Irvine's faculty website were "publicly available"). Plaintiffs' attempt to distinguish these cases on the ground that they are "limited to a narrow set of circumstances not at issue here" is as unpersuasive as it is conclusory. Opp. at 3.[1]

**B.   The Webpages Are Relevant to Plaintiffs' Consumer-Protection and Hacking Claims**

Plaintiffs also claim that the webpages at issue are "irrelevant." Opp. at 1. That is wrong. Plaintiffs' consumer-protection claims rest on the theory that HP allegedly failed to make necessary

---

[1] Plaintiffs also assert that the webpages "are disputed" but do not even attempt to explain what aspect of them is in dispute. Opp. at 1.

3
HP INC.'S REPLY ISO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE THE THIRD AMENDED COMPLAINT -- CASE NO. 5:20-CV-09157-SVK

Gibson, Dunn & Crutcher LLP

disclosures regarding dynamic security and its practice of automatically collecting data about cartridge type. That HP in fact *did* disclose these practices is therefore unquestionably relevant to these claims. *See, e.g.*, ECF Nos. 45–4, 45–5 (advising consumers that Plaintiffs' printer models are "[d]ynamic security enabled" and that "[c]artridges using a non-HP chip may not work, and those that work today may not work in the future"); ECF No. 45–8 (advising consumers that HP "automatically" "collect[s] product usage data such as ... ink or toner brand").

For instance, in *Hodsdon v. Mars, Inc.*, the Ninth Circuit affirmed the dismissal of a failure-to-disclose claim brought under the "unfair" prong of the UCL, reasoning that "the failure to disclose is not substantially injurious because … [the] information [allegedly withheld from consumers] is public knowledge, accessible on [the defendant's] website." 891 F.3d 857, 867 (9th Cir. 2018). Similarly, in *Parziale*, Judge Davila dismissed consumer-protection claims predicated on an alleged failure to disclose in light of a disclosure on HP's website that is, for all intents and purposes, identical to the dynamic security disclosures at issue here. *Parziale v. HP, Inc. ("Parziale I")*, 445 F. Supp. 3d 435, 445 (N.D. Cal. 2020) (citing the fact "the Support Page expressly stated that the printer's firmware 'includes dynamic security measures, which may prevent supplies with non-HP chips or circuitry from working now or in the future'"); *see also Parziale II*, 2020 WL 5798274, at *5 (dismissing claim under the "unfair" prong of Florida's analogue to the UCL in light of the same website disclosure).

The disclosures on HP's webpages are also relevant to Plaintiffs' hacking claims under the CFAA, the CDAFA, and for trespass to chattels, each of which is grounded in the theory that HP acted "without authorization." In *Parziale*, for instance, Judge Davila dismissed a claim under Section 1030(a)(5)(A) of the CFAA with prejudice because "[t]he alleged damage to Plaintiff's printer—i.e. that it did not function for some time and that it ultimately lost value—resulted from the printer becoming incompatible with non-HP cartridges, a possibility that Plaintiff was warned about." *Parziale II*, 2020 WL 5798274, at *6; *see also id.* at *7 ("Because Plaintiff was on notice of the potential firmware update and its effects, the Court finds that Plaintiff fails to adequately allege that the update caused 'damage without authorization' as required under Section 1030(a)(5)(A)."). So too here. *Parziale* also confirms that the disclosures on HP's webpages are dispositive of Plaintiffs' claim

Gibson, Dunn & Crutcher LLP

for trespass to chattels.  *See id.* at *7 (dismissing trespass to chattels claim "because Plaintiff was on notice of Defendant's ability to interfere with his printer").

Plaintiffs' reliance on *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171 (9th Cir. 2014) and *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064 (N.D. Cal. 2016) is misplaced.  Opp. at 5.  As an initial matter, neither of these cases speaks to the issue before the Court—whether the webpages at issue are sufficiently reliable and relevant to be considered at this juncture.  For instance, *Opperman* denied *summary judgment* because of a genuine dispute about the interpretation of a particular disclosure; it did not refuse to consider the disclosure altogether at the pleadings stage.  205 F. Supp. 3d at 1074.  And to the extent these case are relevant *to the merits*, they confirm that Plaintiffs were on notice of practices at issue.  *See, e.g.*, *Nguyen*, 763 F.3d at 1177 (holding that website users are bound by the terms of a browsewrap agreement if the defendant's website "puts a reasonably prudent user on inquiry notice of the terms of the [agreement]").

**C.     The Troubleshooting Page and Online Message Board Are Incorporated By Reference in the TAC**

Plaintiffs also dispute that the Troubleshooting Page, ECF No. 45-6, and the Online Message Board, ECF No. 45-7, are incorporated by reference in the TAC, claiming that "the TAC neither relies on them nor alleges their contents."  Opp. at 3.  That is incorrect.  As to the Troubleshooting Page, the TAC alleges that after the error message appeared, Mobile Emergency Housing Corp.'s agent "searched HP's website" to "check for a solution ... but could find only a recommendation to replace the cartridge with an HP-branded cartridge."  TAC ¶ 43.  This is a reference to the Troubleshooting Page, which sets forth "recommended action[s]" when a "Supply Problem" error message appears, including "replac[ing] the toner cartridge."  ECF No. 45-6 at 2.  And the Online Message Board is referenced repeatedly in the TAC.  TAC ¶ 71 & nn.13–16.

Plaintiffs' remaining arguments regarding incorporation by reference are not persuasive. Plaintiffs claim that the Troubleshooting Page is not incorporated by reference because the relevant allegation concerns "only one Plaintiff" and "events that occurred after the disabling firmware was successfully deployed."  Opp. at 3–4.  But incorporation by reference does not turn on how widely the Troubleshooting Page was accessed or the timing of that access.  *See Davis v. HSBC Bank Nevada,*

5

HP INC.'S REPLY ISO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE THE THIRD AMENDED COMPLAINT -- CASE NO. 5:20-CV-09157-SVK

Gibson, Dunn & Crutcher LLP

*N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (under the incorporation by reference doctrine, "courts may take into account 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading'") (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)). Plaintiffs' last argument—a self-serving and conclusory proclamation that the TAC's reference to "HP's website" does not refer to the Troubleshooting Page, Opp. at 4—is similarly unavailing given that Plaintiffs do not identify the page to which *they are* referring.

Plaintiffs go on to claim that the Online Message Board is not incorporated by reference in the TAC because its contents do "not form the basis" of Plaintiffs' claims. *Id.* (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1005 (9th Cir. 2018)).[2] But a document need not form the basis of a plaintiff's claim to be incorporated by reference—it is sufficient "if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002 (emphasis added) (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). HP sought to incorporate the Online Message Board into the TAC on the former basis, not the latter. *See* ECF No. 45 at 7. Plaintiffs also cannot seriously object to incorporation by reference on the ground that the dynamic security disclosure was posted by an anonymous poster when *Plaintiffs themselves* rely on various other posts on the Online Message Board that were authored *by other anonymous posters*. *See* TAC ¶ 71 & nn.13–16. This is particularly true given that the relevant post simply copied the dynamic security advisement that HP authored (providing yet further confirmation that the dynamic security disclosures were widely and publicly available). ECF No. 45-7 ("The description of the april's upgrade: ... Reminder: Dynamic security enabled printer. This Firmware includes dynamic security measures, which may prevent supplies with non-HP chips or circuitry from working now or in the future. More at: http://www.hp.com/go/learnaboutsupplies."). Lastly, Plaintiffs' attempt to analogize this case to *Khoja*, Opp. at 4, misses the mark. There, the district court abused its discretion by taking judicial notice of the fact that the defendant had disclosed the results of an FDA trial during a call with

---

[2] Plaintiffs also argue that the Privacy Statement, ECF No. 45–8, is not incorporated by reference in the TAC, Opp. at 5, but it is HP's position that the Privacy Statement is *judicially noticeable*—not that it should be considered under the incorporation by reference doctrine. ECF No. 45 at 7.

6
HP INC.'S REPLY ISO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE THE THIRD AMENDED COMPLAINT -- CASE NO. 5:20-CV-09157-SVK

Gibson, Dunn & Crutcher LLP

investors because "[r]easonable people could debate what exactly this conference call disclosed" about the trial. 899 F.3d at 999–1000. By contrast, HP's dynamic security advisement "*is sufficient* to counter any potential misconception about the use of non-HP cartridges." *Parziale I*, 445 F. Supp. 3d at 440, 445 (emphasis added) (referring to the *exact same advisement* that was posted to the Online Message Board).

## II.   CONCLUSION

For the foregoing reasons, HP requests that the Court grant its Request for Judicial Notice.

Dated: July 14, 2021          Respectfully submitted,

                GIBSON, DUNN & CRUTCHER LLP

                By: */s/ Ilissa Samplin*
                      Ilissa Samplin

                Attorneys for Defendant HP INC.