UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOBILE EMERGENCY HOUSING CORP., et al., <br><br> Plaintiffs, <br><br> v. <br><br> HP, INC., <br><br> Defendant. | Case No. 20-cv-09157-SVK <br><br> **ORDER ON JOINT DISCOVERY SUBMISSION** <br><br> Dkt. No. 102 |

Before the Court is the Parties' Joint Discovery Submission regarding Plaintiffs' request to compel HP to provide additional information in response to interrogatories and to produce additional documents. Dkt. 102. The Court has reviewed the submission, the relevant law and the litigation history in this action and determines that this matter may be resolved without oral argument. Civ. L.R. 7-1(b).

The litigation history, including rulings on the motion to dismiss (Dkt. 52), motion to amend (Dkt. 82) and a discovery dispute (Dkt. 69), provide the relevant background to, and guidance for, resolving the current disputes. As previously addressed by this Court, and as set forth in the operative Third Amended Complaint (Dkt. 42; "TAC"), the relevant subject matter of this action is HP Color LaserJet ("LaserJet") printers that received HP firmware updates that allegedly disabled non-HP cartridges in Plaintiffs' and putative class members' printers. As they relate to the current disputes, the relevant parameters are:

**HP Color LaserJet Printers:** This Court previously adjudicated a dispute as to whether discovery was permissible as to InkJet printers as well as LaserJet printers. Dkt. 69. In briefing

that issue, HP offered a "compromise" to include all LaserJet printers, along with certain caveats of its choosing. Dkt. 67 at 3. Pursuant to the Partis' submissions and relevant case law, the Court excluded InkJet printers and allowed discovery as to "all LaserJet printers" without adopting HP's further limitations. Dkt. 69 at 2. That ruling stands, subject only to the further limitations addressed herein.

**Firmware Updates**: As referenced throughout the Third Amended Complaint, the named Plaintiffs suffered the alleged harm from <u>firmware</u> updates. *See, e.g.*, TAC ¶¶ 1-2, 25-26, 91. Plaintiff's quest for discovery "on all of HP's transmissions that resulted in third-party cartridges being blocked, including transmissions of programs, information, code, and commands" (Dkt. 102 at 6) is a bridge too far from the allegations in the TAC. *See* Dkt. 102 at 7-8.

On the other side of the ledger, HP argues that discovery should be limited only to the firmware update of November 2020. The Court disagrees. Named Plaintiffs' machines received firmware updates in November 2020 *and* January 2021. TAC ¶¶ 40, 52, 62. Further, Plaintiffs make a prima facie showing that (1) HP sent similar firmware updates to their machines, TAC ¶¶ 40, 52, 62; (2) the firmware updates caused similar injuries, namely the disabling of Plaintiffs' printers and their compatible third-party toner supply cartridges, necessitating the purchase of new machines and/or new cartridges, TAC ¶¶ 42, 44-45, 54, 56-57, 67-68, 70; and (3) HP made substantially similar, if not identical, representations regarding the cause of their machines' malfunction following a firmware update, TAC ¶¶ 41, 53, 65-66. Given these allegations, the Court concludes that the discovery Plaintiffs seek for all firmware updates affecting LaserJet printers in the identified timeframe is likely to substantiate their class certification allegations. *See Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).

**Relevant Time Period**: The Court finds that the Relevant Time Period covers any firmware updates received **from November 2020-January 2023**, which is Plaintiffs' proposed cut-off. HP's argument for a January 2022, cut-off, a date selected by HP and referenced in its

meet-and-confer letters, is not persuasive, particularly since HP's substantial production of documents was not even completed until December 2022. It is unfortunate that the Parties could not see their way clearly to meet and confer on date parameters early on in this action; that shortcoming, and any resulting burden, is of the Parties' own making.

**Production of technical materials**: HP objects to responding to inquiries and producing documents regarding its procedures for cartridge authentication and mechanisms for disabling third-party cartridges. HP's relevance objections as to authentication procedures and disabling mechanisms implemented through firmware in the Relevant Time Period as set forth herein are not well taken and are **OVERRULED**. HP must produce the responsive technical materials for the Relevant Time Period before the close of discovery.

**SO ORDERED.**

Dated: March 6, 2023

_____
SUSAN VAN KEULEN
United States Magistrate Judge