Mark L. Javitch
mark@javitchlawoffice.com
Javitch Law Office
3 East 3rd Avenue Ste. 200
San Mateo, California 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

Thomas A. Zimmerman, Jr. (*pro hac vice*)
tom@attorneyzim.com
Jeffrey D. Blake (*pro hac vice*)
jeff@attorneyzim.com
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
www.attorneyzim.com

*Class Counsel*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOBILE EMERGENCY HOUSING CORP., TRACK RAT ENTERPRISES, INC. d/b/a PERFORMANCE AUTOMOTIVE & TIRE CENTER, and DAVID JUSTIN LYNCH, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HP INC. d/b/a/ HP COMPUTING AND PRINTING INC., a Delaware Corporation,<br><br>Defendant. | CASE NO. 5:20-cv-09157-SVK<br><br>**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge:   The Hon. Susan van Keulen<br><br>Complaint Filed: December 17, 2020<br>Final Fairness Hearing: March 18, 2025<br>Time: 10:00 a.m.<br>Room: 6 - 4th Floor |

# NOTICE OF MOTION, AND
# MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**PLEASE TAKE NOTICE** that on March 18, 2025, at 10:00 a.m., or as early as this matter may be heard before the Honorable Susan van Keulen, Plaintiffs Mobile Emergency Housing Corp. ("MEH"), Track Rat Enterprises, Inc. d/b/a Performance Automotive & Tire Center ("TRE"), and David Justin Lynch ("Lynch") (collectively, "Plaintiffs" or "Class Representatives") will and hereby do move the Court for an Order granting final approval of the proposed Class Action Settlement Agreement ("Settlement" or "Agreement") entered into between Plaintiffs and Defendant HP Inc. ("HP"). *See* Agreement, attached as Exhibit A to the Declaration of Class Counsel in Support of Plaintiffs' Unopposed Motion for Preliminary Approval ("Zimmerman Prelim. Approval Decl."), Dkt. 197-1.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the Agreement, including all exhibits thereto, the concurrently-filed Declaration of Thomas A. Zimmerman, Jr. in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Expenses, and Class Representative Service Awards ("Zimmerman Final Approval Decl."), the concurrently-filed Declaration of Mark L. Javitch in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Expenses, and Class Representative Service Awards ("Javitch Final Approval Decl."), the argument of counsel, all papers and records on file in this matter, and such other matters as the Court may consider.

DATED: March 3, 2025              Respectfully submitted,

                                         */s/ Thomas A. Zimmerman, Jr.*
                                         Thomas A. Zimmerman, Jr. (*pro hac vice*)
                                         *tom@attorneyzim.com*
                                         Jeffrey D. Blake (*pro hac vice*)
                                         *jeff@attorneyzim.com*
                                         Zimmerman Law Offices, P.C.
                                         77 W. Washington Street, Suite 1220

Chicago, Illinois 60602
Telephone: (312) 440-0020

Mark L. Javitch
*mark@javitchlawoffice.com*
Javitch Law Office
3 East 3rd Avenue Ste. 200
San Mateo, California 94401
Telephone: (650) 781-8000

*Class Counsel*

**TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................1

II.  BACKGROUND ...................................................................................................1

III. NOTICE WAS PROVIDED ACCORDING TO THE PRELIMINARY APPROVAL ORDER ..................................................................................................2

IV.  FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE ..................4

    A.  The Class Representatives and Class Counsel Have Adequately Represented the Class ...............................................................5

    B.  The Settlement Was Negotiated at Arm's Length ......................................5

    C.  The Settlement Relief Is Adequate and Equitable ......................................6

    D.  The Recommendation of Experienced Counsel Favors Approval .............9

    E.  The Positive Reaction of Class Members Favors Final Approval .............9

V.   CONCLUSION ....................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Campbell v. Facebook, Inc.*,
  951 F.3d 1106 (9th Cir. 2020) ................................................................................................6

*Class Plaintiffs v. City of Seattle*,
  955 F.2d 1268 (9th Cir. 1992) ................................................................................................5

*Cotter v. Lyft, Inc.*,
  176 F. Supp. 3d 930 (N.D. Cal. 2016) ....................................................................................4

*Ellis v. Naval Air Rework Facility*,
  87 F.R.D. 15 (N.D. Cal. 1980). ..............................................................................................5

*Hanlon v. Chrysler Corp*,
  150 F.3d 1011 (9th Cir. 1998) ................................................................................................4

*Harris v. Vector Mktg. Corp.*,
  No. C-08-5198 EMC, 2012 WL 381202 (N.D. Cal. Feb. 6, 2012) ........................................4

*In re Heritage Bond Litig.*,
  No. 02-ML-1475-DT, 2005 WL 1594403 (C.D. Cal June 10, 2005) ....................................5

*Knight v. Red Door Salons, Inc*,
  No. 08-01520 SC, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009) .............................................9

*Lilly v. Jamba Juice Co*,
  No. 13-cv-02998-JST, 2015 WL 1248027 (N.D. Cal. Mar. 18, 2015) ..................................2

*Linney v. Cellular Alaska P'ship*,
  No. C-96-3008 DLJ, 1997 WL 450064 (N.D. Cal. July 18, 1997) .......................................9

*Lyon v. United States Immigration and Customs Enf't*,
  300 F.R.D. 628 (N.D. Cal. 2014) ...........................................................................................3

*Nat'l Rural Telecomms. Coop.*,
  221 F.R.D. at 529 .................................................................................................................11

*Newman v. Stein*,
  464 F.2d 689 (2d Cir. 1972) ...................................................................................................7

*Robinson v. HP, Inc.*,
  No. 1:24-cv-00164 (N.D. Ill) ...............................................................................................10

*Rodriguez v. West Publishing Corp*,
  563 F.3d 963 (9th Cir. 2009) ................................................................................................... 7

*Wal-Mart Stores, Inc. v. Dukes*,
  131 S. Ct. 2541 (2011) ........................................................................................................... 2

*In re Yahoo Mail Litig.*,
  No. 13-CV-4980-LHK, 2016 WL 8114216 (N.D. Cal. Mar. 15, 2016) ......................................... 8

*In re Yahoo Mail Litig.*,
  No. 13-CV-4980-LHK, 2016 WL 4474612 (N.D. Cal. Aug. 25, 2016) ........................................ 3

**<u>Statutes, Regulations, Rules, and Codes</u>**

18 U.S.C. § 1030 ............................................................................................................................ 1

28 U.S.C. § 1715 ............................................................................................................................ 4

Fed. R. Civ. P. 23(a)(4) .................................................................................................................. 5

Fed. R. Civ. P. 23(b)(2) ......................................................................................................... 1, 2, 8

Fed. R. Civ. P. 23(c)(2)(a) ............................................................................................................. 2

Fed. R. Civ. P. 23(e) ...................................................................................................................... 4

Cal. Civ. Code § 1770 .................................................................................................................... 1

Cal. Bus. & Prof. Code § 17200 .................................................................................................... 1

Cal. Bus. & Prof. Code § 17500 .................................................................................................... 1

Cal. Penal Code § 502 .................................................................................................................... 1

**<u>Miscellaneous Authorities</u>**

Newberg on Class Actions § 11.25 (4th ed. 2002) ...................................................................... 11

|   |   |
|---|---|
| 1 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 2 | **I.    INTRODUCTION** |

3    On December 10, 2024, the Court entered an order preliminarily approving the proposed Settlement resolving the Action[1] and approving the publication of notice. *See* Dkt. 206 (Order Preliminarily Approving Class Action Settlement and Providing for Notice). As the class claims in this Action only pertain to injunctive relief and the Settlement does not include any release of Class Members' claims for monetary relief, notice to Class Members was not required. Nevertheless, notice has been accomplished pursuant to the Preliminary Approval Order, and the reaction to the Settlement has been favorable. Plaintiffs now submit for the Court's final approval of the Settlement.

**II.    BACKGROUND**

The Action alleges that HP collected data from consumers' Class Printers and disabled cartridges using non-HP chips without the owners' permission or authorization in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"), California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502 ("CDAFA"), California False Advertising Law, Cal. Bus. & Prof. Code § 17500 ("FAL"), California Unfair Competition Law Cal. Bus. & Prof. Code § 17200 ("UCL"), and California Consumers Legal Remedies Act, Cal. Civ. Code § 1770 ("CLRA").

After years of hard-fought litigation, HP and Plaintiffs (the "Parties") reached an Agreement that would resolve the individual claims of Plaintiffs and the injunctive relief claims of the Rule 23(b)(2) certified classes. Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' Unopposed Motion for Preliminary Approval ("Preliminary Approval Memorandum") provides a summary of the Settlement. *See* Dkt. 196, Preliminary Approval Memorandum, Section III.A. (Summary of the Settlement Benefits).

As detailed in the Settlement and Plaintiff's Preliminary Approval Memorandum, HP has agreed to continue making certain disclosures to users of Class Printers about Dynamic Security and data collection, and to continue to allow users of Class Printers to either agree to install or decline to install firmware updates that include Dynamic Security features. The disclosures that HP has agreed

---

[1] Unless otherwise specified, all capitalized terms used herein have the same meanings as set forth in the Agreement.

1  to continue making include the disclosure that HP collects printer cartridge data from Class Printers
2  through the HP Smart App, and that HP's Dynamic Security measures are designed to block cartridges
3  using a non-HP chip, and may be delivered to printers through periodic firmware updates.

4      Further, the Settlement provides an opportunity for those who experienced a "Supply
5  Problem" as a result of the November 2020 firmware update, and who have their printers configured
6  to update firmware automatically without a notification, to receive the disclosure and an opportunity
7  to decline Dynamic Security firmware updates, to the extent HP releases such an update for those
8  printers.

9      In sum, the Settlement achieves significant relief and benefits for the Class now, without the
10 inherent risks of continued litigation and ***without requiring Class Members to release any claims***
11 ***they may have for monetary relief***. Notice, as approved by the Court, has been provided and Class
12 Members were given the opportunity to comment on or object to the Settlement by timely writing to
13 the Court by February 23, 2025, about why they like or do not like the Settlement. The Court docket
14 shows *nobody* filed a document with the Court about the Settlement. Further, while Plaintiffs' counsel
15 received an email purportedly objecting to the Settlement, the individual did *not* object to the
16 injunctive relief provided by the Settlement, or to the requested award of attorneys' fees, expenses,
17 or Service Awards, but rather complained that there was *no monetary relief*. *See* Section IV.E., *infra*.
18 As the Settlement does not release any claims for monetary relief, consumers are free to pursue such
19 relief on their own and, therefore, objections based on lack of monetary relief in the Settlement are
20 without merit. Consequently, the Settlement is fair, reasonable, and adequate, and satisfies the criteria
21 for final approval.

22 **III. NOTICE WAS PROVIDED ACCORDING TO THE PRELIMINARY APPROVAL
23 ORDER**

24     As the class claims in this Action only pertain to injunctive relief and the Settlement does not
25 include any release of Class Members' claims for monetary relief, notice to Class Members was not
26 required after the Court's Certification Order, pursuant to Fed. R. Civ. P. 23(b)(2) and 23(c)(2)(A).
27 *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2558 (2011); *Lilly v. Jamba Juice Co.*, No. 13-
28 cv-02998-JST, 2015 WL 1248027, at *9 (N.D. Cal. Mar. 18, 2015) ("[E]ven if notified of the

1  settlement, the settlement class would not have the right to opt out from the injunctive settlement and
2  the settlement does not release the monetary claims of class members, [therefore] the Court concludes
3  that class notice is not necessary."); *In re Yahoo Mail Litig.*, No. 13-CV-4980-LHK, 2016 WL
4  4474612, at *5 (N.D. Cal. Aug. 25, 2016) ("[B]ecause Rule 23(b)(2) provides only injunctive and
5  declaratory relief, 'notice to the class is not required.'") (quoting in part *Lyon v. United States*
6  *Immigration and Customs Enf't*, 300 F.R.D. 628, 643 (N.D. Cal. 2014)). Nevertheless, as part of the
7  Settlement, HP and Class Counsel agreed to post Notice of the Settlement on their websites.
8  Agreement §§ 1.16; 3.1; *see* proposed Notice annexed to the Agreement at Exhibit 1. Dkt. 197-1.

9        In granting preliminary approval, the Court considered the manner and form of Notice. *See*
10 Dkt. 206, Preliminary Approval Order, ¶¶3-4. In its Preliminary Approval Order, the Court approved,
11 as to form and content, the proposed Notice. *Id.*, ¶3. Specifically, the Court found that the publication
12 of the Notice, substantially in the manner and form set forth in Exhibit 1 to the Agreement, meets the
13 requirements of Federal Rule of Civil Procedure 23 and due process. *Id.* The Court approved the
14 proposed notice plan which includes digital publication notice on HP's website, with a link to the
15 Notice from the relevant HP support page(s), and on Class Counsel's websites. *Id.*, ¶4. The Court
16 found that the proposed notice plan, and the Notice, are reasonably calculated, under the
17 circumstances, to apprise Class Members of the pendency of the Action, the effect of the proposed
18 Settlement (including the Released Claims contained therein), the anticipated motion for attorneys'
19 fees, costs, and expenses and for service awards, and Class Members' rights to object to any aspect
20 of the proposed Settlement. *Id.*, ¶3. The Court ordered the date and time of the Final Approval Hearing
21 be included in the Notice before its posting. *Id.* Finally, the Court ordered that as soon as practicable,
22 and no later than 30 days after entry of the Preliminary Approval Order (*i.e.,* by January 9, 2025), HP
23 and Class Counsel shall post the Notice to their websites, substantially in the form annexed to the
24 Agreement. *Id.*, ¶4.

25     In compliance with the Preliminary Approval Order, the Parties posted the Notice on their
26 websites by January 9, 2025. *See* Zimmerman Final Approval Decl., ¶3, and <u>Exhibit 1</u> (Notice posted
27 on Zimmerman Law Offices, P.C.'s website), <u>Exhibit 2</u> (Notice posted on Javitch Law Office's
28

website), and <u>Exhibit 3</u> (Notice posted on HP's website), attached to the Zimmerman Final Approval Decl.  Separately, HP provided the notice required by the Class Action Fairness Act, 28 U.S.C. § 1715, within the time specified in the Act.

## IV.  FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE

A class action settlement should be approved after a hearing and a finding that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In making such an assessment, the Federal Rules direct a court to consider whether:

(A)  the class representatives and class counsel have adequately represented the class;

(B)  the proposal was negotiated at arm's length;

(C)  the relief provided for the class is adequate, taking into account:

  (i)   the costs, risks, and delay of trial and appeal;

  (ii)  the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims;

  (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and

  (iv)  any agreement required to be identified under Rule 23(e)(3); and

(D)  the proposal treats class members equitably relative to each other.

*Id*.

In the Ninth Circuit, "it is well-established that the Court must balance the following non-exhaustive factors to evaluate the fairness of the proposed settlement: 'the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.'" *Cotter v. Lyft, Inc.*, 176 F. Supp. 3d 930, 935 (N.D. Cal. 2016) (quoting *Hanlon v. Chrysler Corp*, 150 F.3d 1026 (9th Cir. 1998)). The proposed Settlement here satisfies the standard for final approval.[2]

---

[2] Because the settlement classes are identical to the classes certified in the Court's Certification Order, "the Court need not analyze whether the requirements for certification have been met." *Harris v. Vector Mktg. Corp.*,

A.  **The Class Representatives and Class Counsel Have Adequately Represented the Class**

The Class Representatives and Class Counsel have vigorously pursued their claims in this case in the face of a vigorous defense. Class Representatives' and Class Counsel's efforts and diligence resulted in substantial benefits to the Class Members. The Class Representatives and Class Counsel are adequate under Rule 23(a)(4), and accordingly, the Court appointed them to these positions in the Certification Order. *See* Dkt. 143-1 at p. 28. Additionally, the Court found in its Preliminary Approval Order that the Settlement does not provide preferential treatment to Class Representatives and Class Counsel, has no obvious deficiencies, and Class Representatives and Class Counsel have adequately represented the Class. *See* Preliminary Approval Order, Dkt. 206, ¶1. Since entry of that Order, nothing has happened to change those findings.

B.  **The Settlement Was Negotiated at Arm's Length**

"Before approving a class action settlement, the district court must reach a reasoned judgment that the proposed agreement is not the product of fraud or overreaching by, or collusion among, the negotiating parties." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1290 (9th Cir. 1992). Where a settlement is the product of arm's length negotiations conducted by capable and experienced counsel, the court begins its analysis with a presumption that the settlement is fair and reasonable. *See* 4 Newberg § 11.41; *In re Heritage Bond Litig.*, No. 02-ML-1475-DT, 2005 WL 1594403, at *2 (C.D. Cal June 10, 2005); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980).

Here, the Settlement was reached after informed, extensive arm's length negotiations. First, the Settlement was reached after a thorough investigation into and discovery of the legal and factual issues in the Action. In particular, even before filing suit, Class Counsel conducted an extensive investigation into the factual underpinnings of the practices challenged in the Action, as well as the applicable law. In addition to their pre-filing efforts, Class Counsel engaged in extensive discovery, including the review of tens of thousands of pages of documents, fact and expert depositions of 10 witnesses, substantial discovery motion practice, and the exchange of written discovery requests and responses. *See* Zimmerman Final Approval Decl., ¶¶24-43.

---

C-08-5198 EMC, 2012 WL 381202, at *3 (N.D. Cal. Feb. 6, 2012).

Second, the Settlement was reached only on the eve of the hearing on the Parties' cross-motions for summary judgment, after the Parties participated in two mediation sessions before experienced mediator Hon. Elizabeth LaPorte (Ret.), and considerable subsequent negotiations that ultimately led to the Settlement. These mediation sessions were informed through the exchange of confidential mediation statements. The Parties were able to come to an agreement in principle with the assistance of the mediator in follow up discussions after the second mediation session and prior to the hearing on the motions for summary judgment. *See* Zimmerman Final Approval Decl., ¶40.

In sum, the Settlement was reached only after Class Counsel conducted an extensive factual investigation and discovery into HP's alleged misconduct, and thoroughly researched the law pertinent to Class Representatives' and Class Members' claims and HP's defenses. Consequently, Class Counsel had a wealth of information at their disposal before entering into settlement negotiations, which allowed Class Counsel to adequately assess the strengths and weaknesses of the case and to balance the benefits of settlement against the risks of further litigation. Nothing during the negotiations or in the substance of the proposed Settlement presents any reason to doubt that the Settlement was negotiated in good faith. *See* Zimmerman Final Approval Decl., ¶¶24-43.

In the Preliminary Approval Order, the Court found that "[t]he Settlement is the product of non-collusive arm's length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the Action, including through discovery and motion practice." *See* Preliminary Approval Order, Dkt. 206, ¶1. Class Counsel knew the strength and weaknesses of the case. The advanced stage of proceedings and extent of discovery completed favor final approval.

C.   **The Settlement Relief Is Adequate and Equitable**

The non-monetary nature of the Settlement relief is "a function of [the district] court's decision to certify only an injunctive relief class." *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1125 (9th Cir. 2020). Here, consistent with the Court's Certification Order certifying only injunctive relief classes under Rule 23(b)(2), *see* Dkt. 143-1 at pp. 27-28, the Settlement provides for injunctive relief, which includes (i) a continued opportunity for most Class Members to accept or *decline* firmware updates, (ii) an opportunity for Class Members whose printers were eligible for the November 2020

1  firmware update, and whose printers are configured to receive automatic firmware updates without
2  notification, to *decline* to install a future firmware update that includes Dynamic Security, to the
3  extent HP releases such an update for those printers, (iii) continued disclosure language for a number
4  of years, and (iv) continued disclosures relating to data collection and to firmware updates that include
5  Dynamic Security features. While HP has vigorously contested its liability, the terms of the Settlement
6  provide meaningful, targeted relief. The Settlement ensures that users will continue to be informed
7  about HP's Dynamic Security measures and data collection practices, and users of Class Printers will
8  have the ability to either agree or *decline* to install firmware updates, as described *supra*.

9        In contrast to the tangible, immediate benefits of the Settlement, the outcome of continued
10  litigation, trial and potential appeal is uncertain and could add years to this litigation. HP has
11  vigorously denied any wrongdoing, and, absent settlement, Class Representatives anticipate HP
12  would defend this action aggressively at multiple, procedural steps prior to trial, including its pending
13  motion for summary judgment. While Class Representatives strongly believe in the merits of their
14  case, they recognize that the uncertainty presents at least some element of risk at multiple, critical
15  junctures in this Action. For instance, the Parties have advanced conflicting interpretations of certain
16  elements of Class Representatives' CFAA claim, including the definitions and effect of the terms
17  "damage" and "loss," and Class Representatives may face the risk on appeal that the Ninth Circuit
18  might agree with HP's interpretation of these terms.

19        While Class Representatives firmly believe in the strength of their claims and have amassed
20  substantial evidence in support of those claims through the discovery process, there is at least some
21  risk that, absent a settlement, HP might prevail in motion practice, at trial, or on appeal, resulting in
22  no relief to the Class. This weighs in favor of final approval. *See, e.g., Rodriguez v. West Publishing*
23  *Corp.*, 563 F.3d 963, 966 (9th Cir. 2009) (noting that the elimination of "[r]isk, expense, complexity,
24  and likely duration of further litigation," including *inter alia*, an "anticipated motion for summary
25  judgment, and … [i]nevitable appeals would likely prolong the litigation, and any recovery by class
26  members, for years," which facts militated in favor of approval of settlement); *Newman v. Stein*, 464
27  F.2d 689, 693 (2d Cir. 1972) ("[I]n any case there is a range of reasonableness with respect to a
28

7
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

settlement—a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.").

During the pendency of the Action, HP made significant changes to the methods and manner of its disclosures relating to the challenged practices. As the Court observed at the hearing on the motion for class certification, the Settlement's disclosure language mirrors HP's current disclosure language, which the Court observed was "pretty explicit." Hrng. Tr. at 36 (Nov. 14, 2023). The Settlement extends and buttresses these changes to Class Printers in significant ways. HP has agreed to continue making its current disclosures—which were changed during the pendency of this Action—for several years. HP has also agreed that, if it releases another Dynamic Security firmware update for the subset of Class Printers that were eligible for the November 2020 firmware update, Class Members who own one of those printers and whose printer is *not* configured to receive firmware-update notifications will have an opportunity to *decline* to install the firmware update.

Similarly, the release obtained by HP in this Settlement only extends to Class Members' claims for injunctive and non-monetary equitable relief. ***No Class Member, with the exception of the Class Representatives, will release any claim for monetary relief or damages.*** *See In re Yahoo Mail Litig.*, No. 13-cv-04980-LHK 2016 WL 8114216 (N.D. Cal. Mar. 15, 2016) (holding, under analogous circumstances, that a very similar result obtained on behalf of a class of email users and certified under Rule 23(b)(2) was within the range of possible approval). In sum, the Settlement provides substantial, meaningful relief to all Class Members based on the strengths of their claims without delay and avoids risks that Class Members would face in further litigation. The injunctive relief achieved in the Settlement is of considerable value and is a substantial benefit for Class Members.

Furthermore, the Class Representative Service Awards and attorneys' fees, expenses, and costs provisions were negotiated only *after* all other terms of the Settlement were agreed upon. *See* Zimmerman Final Approval Decl., ¶40. Because the relief is injunctive only, these awards do not decrease any amounts of monetary relief Class Members may otherwise be entitled to. Moreover, what the Court ultimately decides to award has no bearing on the enforceability of the Settlement. *See* Agreement § 5.3. Class Counsel have concurrently filed a Motion for Attorneys' Fees, Expenses,

and Class Representative Service Awards ("Fee Petition") that analyzes the propriety of these requests.

The foregoing demonstrates that the terms of the Settlement are fair, reasonable, and adequate.

### D. The Recommendation of Experienced Counsel Favors Approval

In considering a proposed class settlement, "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *Knight v. Red Door Salons, Inc.*, No. 08-01520 SC, 2009 WL 248367, at *4 (N.D. Cal. Feb. 2, 2009); *see also Linney v. Cellular Alaska P'ship*, No. C-96-3008 DLJ, 1997 WL 450064, at *5 (N.D. Cal. July 18, 1997).

As demonstrated herein and in each respective firm's resume, Class Counsel have extensive experience litigating and settling consumer class actions and other complex matters. *See* Zimmerman Final Approval Decl., ¶¶13-23 and Exhibit 5 thereto; Javitch Final Approval Decl., ¶¶3-7, and Exhibit 1 thereto. As more fully detailed in the Fee Petition, Class Counsel conducted an extensive investigation into the factual and legal issues raised in this Action. Using their experience and knowledge, Class Counsel have weighed the benefits of the Settlement against the inherent risks and expense of continued litigation, and they strongly believe that the proposed Settlement is fair, reasonable, and adequate.

The Court found: "The Settlement is the product of non-collusive arm's length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the Action, including through discovery and motion practice." *See,* Preliminary Approval Order, Dkt. 206, ¶1. The fact that qualified and well-informed counsel endorse the Settlement as being fair, reasonable, and adequate weighs in favor of approving the Settlement.

### E. The Positive Reaction of the Class Members Favors Final Approval

The reaction of the Settlement Class to this Settlement is overwhelmingly positive. The Court set an Objection Deadline within 45 days after the date on which Notice was published. *See* Preliminary Approval Order, Dkt. 206, ¶8. Notice was first published on January 9, 2025, which makes an Objection Deadline of February 23, 2025. Objections must be submitted to the Court by filing the written objection through the Court's Case Management/Electronic Case Files system, or

by any other method the Court accepts filings. *Id.* ¶9. To be valid, the objection must not only be made in the required time and manner, but also must include the required information set forth by the Court in its Preliminary Approval Order. *Id.* ¶¶8-10. The Notice includes the deadline for any objections, what must be included in an objection, and how to file it with the Court (*i.e.*, by mailing it, electronically filing it, or hand delivering it to the Court). *See* Zimmerman Final Approval Decl. ¶3 and Exhibits 1-3 thereto. The Notice provides that to object, an individual must include:

- Your name, address, and signature;
- A written statement of your objection, as well as the specific reason(s), if any, for each objection, including any legal support you wish to bring to the Court's attention;
- Any evidence or other information you wish to introduce in support of the objection;
- A statement of whether you intend to appear and argue at the Final Approval Hearing; and
- Proof that you are a member of the Class.

*See* Zimmerman Final Approval Decl., Exhibits 1-3.

A review of the Court docket shows *nobody* filed an objection to the Settlement.

Class Counsel received and responded to inquiries from 19 Class Members, who all voiced support for the Settlement. *See* Zimmerman Final Approval Decl., ¶5.

Prior to preliminary approval, the Parties informed the Court that they were aware of one other case involving slight overlap, *Robinson v. HP, Inc.*, No. 1:24-cv-00164 (N.D. Ill), containing a proposed class definition in the operative complaint which includes LaserJet Pro M404DN, M404DW, M404N, and LaserJet Pro MFP M438DW, M428FDN, and M428FDW, which are some models of "Class Printers" defined in the Settlement. On November 4, 2024, HP's counsel provided a copy of the Agreement to plaintiffs' counsel in *Robinson*. *See* Dkt. 199, 201. *Nobody* from the *Robinson* case contacted Class Counsel or objected to this Settlement. *See* Zimmerman Final Approval Decl., ¶6.

Class Counsel received an email from an individual named Alex Wright ("Wright") complaining about the lack of monetary relief in the Settlement. *See* Zimmerman Final Approval Decl., ¶7, and Email from Wright, attached thereto as Exhibit 4. However, the objection does not comply with the requirements set forth in the Preliminary Approval Order (Dkt. 206, ¶¶8-9) because

it was not filed with the Court, it does not provide verifiable proof that he is a member one of the certified Classes,[3] and it is not signed. *See* Zimmerman Final Approval Decl., ¶7.

Moreover, Wright's objection is substantively without merit. Wright did not object to the injunctive relief provided by the Settlement, but rather complained that there was no monetary relief. *See* Exhibit 4 to Zimmerman Final Approval Decl., Wright Email ("I don [sic] not think the settlement is suffice and I believe a new printer with at least three full ink cartridges and $2,500 for my time lost, mental stress and inconvenience is a fare [sic] and just settlement."). Class Counsel responded to Wright and informed him that (i) the Settlement achieves non-monetary relief to have HP give improved disclosures and to allow printer owners to decline firmware updates, (ii) there is no monetary relief in the Settlement, and there is also no release of any Class Members' claims for monetary relief, and (iii) he, and all Class Members, are free to pursue any claims against HP for any monetary damages they think they may have suffered, as those claims are not included in or extinguished by the Settlement. *See* Zimmerman Final Approval Decl., ¶8, and Email from Wright, attached thereto as Exhibit 4.

"It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 529; 4 Newberg on Class Actions § 11.48 (4th ed. 2002) ("Courts have taken the position that one indication of the fairness of a settlement is the lack of or small number of objections [citations omitted]"). The fact that only one purported objection was made indicates overwhelming support for the Settlement and strongly favors approval.

Wright's objection should be overruled because it (i) failed to comply with the Court's

---

[3] Wright states that he purchased an HP LaserJet Pro M404DN in 2021 from Staples located at 90-30 Metropolitan Avenue, Rego Park, NY 11374. However, Wright did not provide the month of purchase, so there is no way of knowing whether he owned the printer during the Class Period that ended October 1, 2021, and he did not provide a receipt or other proof of purchase, such as a picture of his HP printer. To be a member of the Nationwide TPC-Bricking Class, Wright needed to state that he viewed a "Supply Problem" error message on the printer at the time when the printer was using a third party cartridge and that he did not view any prior HP disclosures before viewing that "Supply Problem" error message. To be a member of the Nationwide Data-Collection Class, Wright needed to state that he did not view any disclosures about HP's data-collection practices before HP collected their printer's data. *See* Class Definitions on pages 1-2 of the Preliminary Approval Order, and requirements for an objection at ¶9 of the Preliminary Approval Order, Dkt. 206.

requirements for making an objection in the preliminary Approval Order (Dkt. 206, ¶¶8-9), and (ii) is substantively without merit because it complains about the lack of monetary relief in the Settlement, when no claims for monetary relief are released in the Settlement.

In support of preliminary approval, the Zimmerman Prelim. Approval Declaration was filed, which analyzed the Northern District of California's Procedural Guidelines for Class Action Settlements. *See* Zimmerman Prelim. Approval Decl., ¶8, Dkt. 197. The Court found the Guidelines support granting preliminary approval of the Settlement. As analyzed in the Zimmerman Final Approval Declaration, further consideration of the Guidelines relative to *final* approval supports granting final approval of the Settlement.

## V.     CONCLUSION

Class counsel have negotiated a fair, adequate, and reasonable Settlement. Plaintiffs respectfully request this Court grant final approval of the Settlement. A proposed Final Approval Order is attached hereto as <u>Exhibit A</u>.

DATED: March 3, 2025

                                                Respectfully submitted,

                                       By:   /s/ Thomas A. Zimmerman, Jr.

                                       Thomas A. Zimmerman, Jr. (pro hac vice)
                                       *tom@attorneyzim.com*
                                       Jeffrey D. Blake (pro hac vice)
                                       *jeff@attorneyzim.com*
                                       Zimmerman Law Offices, P.C.
                                       77 W. Washington Street, Suite 1220
                                       Chicago, Illinois 60602
                                       Telephone: (312) 440-0020

                                       Mark L. Javitch
                                       *mark@javitchlawoffice.com*
                                       Javitch Law Office
                                       3 East 3rd Ave. Ste. 200
                                       San Mateo, California 94401
                                       Telephone: (650) 781-8000

                                       Class Counsel