UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOBILE EMERGENCY HOUSING CORP., TRACK RAT ENTERPRISES, INC. d/b/a PERFORMANCE AUTOMOTIVE & TIRE CENTER, and DAVID JUSTIN LYNCH, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HP INC. d/b/a/ HP COMPUTING AND PRINTING INC., a Delaware Corporation,<br><br>Defendant. | CASE NO. 5:20-cv-09157-SVK<br><br>[PROPOSED] FINAL ORDER AND JUDGMENT |

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Class Action Settlement and Providing for Notice, dated December 10, 2024 ("Preliminary Approval Order"), on the motion of Plaintiffs for approval of the proposed class action settlement (the "Settlement Agreement") with Defendant HP Inc. ("HP"). Due and adequate notice having been given of the Settlement Agreement as required by the Preliminary Approval Order, the Court having considered all papers filed and proceedings conducted herein, and good cause appearing therefor, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1.  This Final Order and Judgment incorporates by reference the definitions in the Settlement Agreement with HP dated October 28, 2024, and all defined terms used herein have the same meanings ascribed to them in the Settlement Agreement.

2.  This Court has jurisdiction over the subject matter of this litigation and over all parties thereto.

3.  The Court reaffirms the findings in its Order Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification (Dkt. 143-1) that all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(2) are satisfied. The Court hereby makes final (i) its appointments of Thomas Zimmerman, Jr., Jeffrey Blake, and Mark Javitch as Class Counsel, and Mobile Emergency Housing Corp., Track Rat Enterprises, Inc. d/b/a Performance

Automotive & Tire Center, and David Justin Lynch as the Class Representatives; and (ii) its certification of the injunctive classes (the "Class"), as follows:

   a.   All persons and entities who, during the period November 1, 2020 through October 1, 2021:  (1) resided in the United States; (2) owned a Class Printer; (3) used a third-party cartridge in the printer; (4) viewed a "Supply Problem" error message on the printer at a time when the printer was using a third-party cartridge; and (5) did not view any disclosures from HP regarding the potential for printers using third-party cartridges to cease functioning before they viewed the "Supply Problem" error message.

   b.   All persons and entities who, during the period November 1, 2020 through October 1, 2021:  (1) resided in California; (2) owned a Class Printer; (3) used a third-party cartridge in the printer; (4) viewed a "Supply Problem" error message on the printer at a time when the printer was using a third-party cartridge; and (5) did not view any disclosures from HP regarding the potential for printers using third-party cartridges to cease functioning before they viewed the "Supply Problem" error message.

   c.   All persons and entities who, during the period January 1, 2017 through October 1, 2021:  (1) resided in the United States; (2) owned a Class Printer; (3) had HP collect their printer's data; and (4) did not view any disclosures about HP's data-collection practices before HP collected their printer's data.

   d.   All persons and entities who, during the period January 1, 2017 through October 1, 2021:  (1) resided in California; (2) owned a Class Printer; (3) had HP collect their printer's data; and (4) did not view any disclosures about HP's data-collection practices before HP collected their printer's data.

   "Class Printer" means any of the following product models:
   - HP Color LaserJet Pro M254DW
   - HP Color LaserJet Pro MFP M180NW
   - HP Color LaserJet Pro MFP M281FDW
   - HP Color LaserJet Pro MFP M281CDW
   - HP Color LaserJet Pro MFP M182NW

- HP Color LaserJet Pro MFP M183FW
- HP Color LaserJet Pro MFP M283CDW
- HP Color LaserJet Pro MFP M283FDW
- HP Color LaserJet Pro M255DW
- HP Color LaserJet Pro MFP M479DW
- HP Color LaserJet Pro MFP M479FNW
- HP Color LaserJet Pro MFP M479FDN
- HP Color LaserJet Pro MFP M479FDW
- HP LaserJet Pro M404N
- HP LaserJet Pro M404DN
- HP LaserJet Pro M404DW
- HP Color LaserJet Pro M454DN
- HP Color LaserJet Pro M454DW
- HP LaserJet Pro MFP M428DW
- HP LaserJet Pro MFP M428FDN
- HP LaserJet Pro MFP M428FDW

Excluded from the Class are any Judge or Magistrate presiding over this action and members of their immediate families; HP, its officers, directors, and affiliates at all relevant times, members of their immediate families and their legal representatives, and any entity in which HP had or has a controlling interest; Plaintiffs' counsel; and the legal representatives, successors, and assigns of any such excluded persons and entities.

4. Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement Agreement and finds that it is, in all respects, fair, reasonable, and adequate and in the best interests of the Class.

5. The Court finds that notice of this Settlement Agreement was given to Class Members in accordance with the Preliminary Approval Order, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

6. The Court has considered the sole objection to the Settlement made by Alex Wright. The Court overrules this objection as it failed to comply with the requirements set forth in the Preliminary Approval Order, and it is also substantively without merit.

7. The Court directs the Parties to implement the Settlement Agreement according to its terms and conditions.

8. Upon the Effective Date, Plaintiffs and all Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged HP from all Released Claims.

9. Neither Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and service awards for Plaintiffs, nor any order entered by this Court thereon, shall in any way disturb or affect this Judgment, and all such matters shall be considered separate from this Judgment.

10. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement, is or may be deemed to be or may be used as an admission of, or evidence of, (a) the validity of any Released Claim, (b) any wrongdoing or liability of HP, or (c) any fault or omission of HP in any proceeding in any court, administrative agency, arbitral forum, or other tribunal.

11. Without affecting the finality of this Judgment, this Court reserves exclusive jurisdiction over (a) all matters related to administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Order, including further proceedings, if necessary, on the application for attorneys' fees, reimbursement of litigation expenses, and service awards for Plaintiffs; and (b) the Settling Parties and the Class Members for the purpose of construing, enforcing, and administering the Settlement. If HP fails to fulfill its obligations under the Settlement, the Court retains authority to vacate the provisions of this Judgment releasing, relinquishing, and discharging the Released Claims.

12. If the Settlement does not become effective under the terms of the Agreement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases delivered in

connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

   13. The Action is hereby dismissed, with prejudice.

**IT IS SO ORDERED.**

Dated: March 18, 2025

                     _____
                     HON. SUSAN VAN KEULEN
                     U.S. MAGISTRATE JUDGE