UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOBILE EMERGENCY HOUSING CORP., TRACK RAT ENTERPRISES, INC. d/b/a PERFORMANCE AUTOMOTIVE & TIRE CENTER, and DAVID JUSTIN LYNCH, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HP INC. d/b/a/ HP COMPUTING AND PRINTING INC., a Delaware Corporation,<br><br>Defendant. | CASE NO. 5:20-cv-09157-SVK<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS |

Plaintiffs and Defendant HP Inc. ("HP") entered into a Settlement Agreement and Release on October 28, 2024 ("Settlement" or "Settlement Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed global resolution of this litigation and for its dismissal with prejudice upon the terms and conditions set forth therein. As part of the Settlement, HP agreed not to oppose an application by Class Counsel for an award of up to $725,000 in attorneys' fees and litigation expenses and costs, and for Service Awards up to $5,000 to each of the three Class Representatives (for a total of $15,000). Settlement Agreement §§ 5.1, 5.2.

The Court held a final approval hearing on March 18, 2025, for the following purposes: (i) to determine whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of the Classes; (ii) to rule upon Class Counsel's application for an award of attorneys' fees, costs, and expenses and for Service Awards to the Class Representatives; and (iii) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

As set forth in the Order Preliminarily Approving Class Action Settlement and Providing for Notice (Dkt. 206), Class Counsel's application for an award of attorneys' fees, expenses, and costs and for Service Awards is considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal from any order relating solely to Class Counsel's application for an award of attorneys' fees, costs, and expenses, and/or to Class Counsel's application for Service Awards, or any reversal or modification of any such order, shall not operate to terminate or cancel the Settlement or to affect or delay the finality of the judgment approving the Settlement.

The Court has reviewed Plaintiffs' Motion for Attorneys' Fees, Expenses, and Class Representative Service Awards, and the supporting Declarations of Class Counsel. In total, Class Counsel spent 2,159.20 hours working on this case for a total lodestar of $1,267,604, and Class Counsel advanced $104,846.90 in unreimbursed litigation expenses and costs.

The Court finds that the unreimbursed litigation expenses and costs in the amount of $104,846.90 were reasonably and justifiably incurred in furtherance of the prosecution and settlement of this matter, and would normally be charged to a fee paying client. Accordingly, these costs and expenses should be reimbursed. *See In re Toys R Us-Delaware, Inc.-Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 468 (C.D. Cal. 2014) ("In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement") (citing Fed.R.Civ.Proc. 23(h)). "Class Counsel is entitled to recover 'those out-of-pocket expenses that would normally be charged to a fee paying client.'" *Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588, 602 (N.D. Cal. 2020) (quoting *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (quotations omitted)).

The Ninth Circuit has approved the use of a lodestar method where, as here, the underlying claims provide for fee-shifting and the relief obtained includes an injunction. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011); *Matera v. Google LLC*, No. 5:15-CV-04062 LHK, 2018 WL 11414641, at *2 (N.D. Cal. Feb. 9, 2018); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

After deducting the unreimbursed litigation expenses and costs from the requested award for attorneys' fees and expenses, Class Counsel seek attorneys' fees in the amount of $620,153.10, which represents a negative lodestar multiplier of approximately 0.49 to date.

The Court finds the hourly rates charged by Class Counsel are reasonable considering prevailing market rates for attorneys and paralegals of comparable experience, reputation, and ability for similar litigation. *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d 935, 941 (9th Cir. 2011).

The Court finds that the attorneys' fees sought by Class Counsel are fair and reasonable compensation for undertaking this case on a contingency basis, diligently prosecuting this action and expending significant effort—at the expense of other work—and successfully obtaining the injunctive relief for Plaintiffs and the Certified Classes. The Settlement before the Court provides significant relief for the Classes that is specifically tailored to the harm alleged in the Complaint. Moreover, the negative lodestar multiplier demonstrates the reasonableness of the requested attorneys' fees. *See Kimber Baldwin Designs LLC v. Silv Communications, Inc.*, 2017 WL 5247538, at *6 (S.D. Ohio 2017).

For the foregoing reasons, the Court grants Class Counsel the requested award of $725,000 for attorneys' fees and expenses.

In the Ninth Circuit, $5,000 is a presumptively reasonable Service Award. *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 335 (N.D. Cal. 2014). The benchmark for presumptively reasonable incentive awards for plaintiffs in this district is $5,000. *See O'Connor v. Uber Techs., Inc.*, 2019 U.S. Dist. LEXIS 54608, 2019 WL 1437101, at *12-13 (N.D. Cal. Mar. 29, 2019); *Camberis v. Ocwen Loan Serv. LLC*, Case No. 14-cv-02970-EMC, 2015 U.S. Dist. LEXIS 163826, 2015 WL 7995534, at *3 (N.D. Cal. Dec. 7, 2015); *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *36 (N.D. Cal. Apr. 1, 2011) ("there is ample case law finding $5,000 to be a reasonable amount for an incentive payment.")

The Court concludes that the requested Service Awards of $5,000 for each of the three Class Representatives (for a total of $15,000) are fair and reasonable given their participation in

the case, including reviewing and approving pleadings and motions; responding to interrogatories; responding to document requests, and producing documents; preparing for and giving depositions; preparing for and attending an inspection of their printers by HP's expert; attending a full day of mediation; participating in negotiating the Settlement terms; reviewing and approving the Settlement Agreement; and maintaining continuous communication with Class Counsel throughout the litigation.

**IT IS SO ORDERED.**

Dated: March 18, 2025

                                                     HON. SUSAN VAN KEULEN
                                                    U.S. MAGISTRATE JUDGE